**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ONORES DE JESUS MEJIA IRIARTE,<br><br>  Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, *et al.*,<br><br>  Respondents. | Case No. 25-cv-03138-BAS-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 4); AND**<br><br>**(2) SETTING HEARING ON PETITION** |

    Petitioner Onores De Jesus Mejia Iriarte filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In her Petition, Petitioner claims that she is being detained by Immigration and Customs Enforcement in violation of various immigration regulations and the Fifth Amendment. (*Id.*) Soon after, the Court set a briefing schedule. (ECF No. 3.) The Government's response to the Petition is due on November 21, 2025. (*Id.*)

On November 19, 2025, Petitioner filed a Motion for Emergency Temporary Restraining Order ("TRO"). (ECF No. 4.) In her TRO Motion, Petitioner challenges her removal to a third country—specifically, Mexico. (*Id.*) Petitioner alleges that, "in the early morning hours of November 19, 2025," Petitioner was "removed from the Otay Mesa Detention Center for removal to Mexico." (*Id.*) She argues her removal to Mexico would violate her due process rights because she has not been given appropriate notice and an opportunity to be heard. (*See id.* (arguing Petitioner should receive the results of the Asylum Officer's third-country fear screening before her removal to Mexico).) It is unclear, however, whether the Government succeeded in removing Petitioner to Mexico. (*Id.*) Thus, Petitioner's counsel asks the Court to enjoin Petitioner's removal, order that she not be transferred out of this District, and require the Government to file a status report regarding Petitioner's whereabouts within twenty-four hours. (*Id.*; Proposed Order.)

The Court needs time to hear from the Government to resolve the Petition. Hence, provided Petitioner has not already been removed, the Court finds it necessary to enter a limited injunction to preserve its jurisdiction until the Court can rule on the Petition. *See* 28 U.S.C. § 1651(a); *see also FTC v. Dean Foods Co.*, 384 U.S. 597, 604 (1966); *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 n.6 (9th Cir. 2020). However, the Court denies the other requests for relief. The Court will instead order the Government to address the issues raised in the TRO Motion in the Government's response due by November 21, 2025.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion for Emergency Temporary Restraining Order. (ECF No. 4.) Provided Petitioner has not already been removed by the time of this Order, Respondents, along with their agents, employees, successors, attorneys, and all persons acting in concert with them, are **ENJOINED** from removing Petitioner to any third country, including Mexico, without notice to her counsel and an opportunity for her counsel to be heard. Unless extended by the Court, this Order will expire fourteen days after entry. Further, the Court **ORDERS** the Government to address the issues raised in the TRO Motion, including Petitioner's

1  status, in its response due on November 21, 2025.  <u>Finally, the Court sets a hearing on the
2  Petition for 2:30 p.m. on December 5, 2025</u>.
3        **IT IS SO ORDERED.**

5  **DATED: November 20, 2025**

                                         */s/ Cynthia Bashant*

                              **Hon. Cynthia Bashant, Chief Judge
United States District Court**